O/C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ONEWEST BANK, N.A.,

                Plaintiff,

        -against-

MINNIE P. HAWKINS a/k/a MINNIE REESE
as Administratix of the Estate of Calvin
Hawkins, et al.,

                Defendants.
---------------------------------------------------------------------X

**ORDER**

**14-CV-4656 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

On August 5, 2014, Plaintiff OneWest Bank, N.A. initiated this action against Defendants Minnie P. Hawkins, a/k/a Minnie Reese, as Administratrix of the Estate of Calvin Hawkins, the Estate of Martha Green, a/k/a Martha A. Greene, Charlene Greene, Eddie Junior Hawkins, Calvin Hawkins, the United States of America on behalf of the Internal Revenue Service, the New York State Department of Taxation and Finance, and John Does number one through ten (collectively "Defendants"), seeking to foreclose on a mortgage encumbering property located at 100 Smith Street, Central Islip, New York 11722. (Compl. (Dkt. 1).) Defendants failed to file an answer or otherwise respond to the Complaint; accordingly, on October 6 and 7, 2014, the Clerk of Court entered certificates of default in Plaintiff's favor. (Certificates of Default (Dkts. 31-36).) Plaintiff moved for a default judgment on December 19, 2014. (Mot. for Default J. (Dkt. 37).) The court referred the motion to Magistrate Judge Cheryl L. Pollak for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Jan. 7, 2015, Order (Dkt. 42).)

On September 2, 2015, Judge Pollak issued an R&R recommending that the court grant a default judgment against all Defendants, grant Plaintiff's motion for judgment of foreclosure and

1

sale, award Plaintiff costs in the amount of $2,260.07, and grant Plaintiff's request to discontinue the action against the John Doe Defendants without prejudice. (R&R (Dkt. 52) at 25.) Judge Pollak further recommended that Plaintiff's remaining requests for damages and attorneys' fees be denied without prejudice to the requests being resubmitted with additional supporting information. (Id.) On September 3, 2015, Judge Pollak certified that the R&R had been mailed to the Defendants at their last known addresses and ordered Plaintiff promptly to mail the R&R to any remaining Defendants who had not been served by the court. (Sept. 3, 2015, Order (Dkt. 53).) On September 17, 2015, Judge Pollak ordered Plaintiff to confirm that the R&R had been mailed to all Defendants. (Sept. 17, 2015, Order (Dkt. 57).) In a letter dated September 24, 2015, Plaintiff confirmed "that there are no other defendants entitled to notice of the Report and Recommendation," and "that the addresses [to which the R&R was mailed] are the correct addresses for the defendants." (Pl.'s Sept. 24, 2015, Ltr. (Dkt. 58).)

No party has objected to Judge Pollak's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R&R at 25 ("Any objections to this Report and Recommendation must be filed with the Clerk of Court . . . within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the district court's order.").) Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). Finding no clear error, the court ADOPTS IN FULL the R&R and accordingly, GRANTS Plaintiff's motion for default judgment; GRANTS Plaintiff's motion for judgment of foreclosure and sale, AWARDS Plaintiff costs in the amount of $2,260.07, GRANTS WITHOUT PREJUDICE Plaintiff's request to discontinue the action against the John

Doe Defendants, and DENIES WITHOUT PREJUDICE Plaintiff's request for damages and attorneys' fees. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007) (summary order).

The Clerk of the Court is respectfully DIRECTED to enter judgment against Defendants consistent with this Order.

SO ORDERED.

Dated: Brooklyn, New York
September 25, 2015

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge