UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ONEWEST BANK, N.A.,

                Plaintiff,

  -against-

MINNIE P. HAWKINS a/k/a MINNIE REESE
as Administratrix of the Estate of Calvin
Hawkins, et al.,

                Defendants.
------------------------------------------------------------------X

**ORDER**

**14-CV-4656 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

On August 5, 2014, Plaintiff OneWest Bank, N.A. initiated this action seeking to foreclose on a mortgage encumbering property located at 100 Smith Street, Central Islip, New York 11722 (the "Property"). (Compl. (Dkt. 1).) The named Defendants are Minnie P. Hawkins, a/k/a Minnie Reese, as Administratrix of the Estate of Calvin Hawkins; the Estate of Martha Green, a/k/a Martha A. Greene; Charlene Greene; Eddie Junior Hawkins; Calvin Hawkins; the United States of America on behalf of the Internal Revenue Service ("U.S.A. o/b/o I.R.S."); and the New York State Department of Taxation and Finance ("NYSDTF").

Defendants have failed to answer or otherwise respond to the Complaint; accordingly, on October 6 and 7, 2014, the Clerk of Court entered certificates of default in Plaintiff's favor. (Certificates of Default (Dkts. 31-36).) Plaintiff moved for a default judgment on December 19, 2014. (Dkt. 37.) On September 25, 2015, the court adopted in full a Report and Recommendation ("R&R") (Dkt. 52) issued by Magistrate Judge Cheryl L. Pollak, granting Plaintiff's motions for default judgment and for judgment of foreclosure and sale, awarding Plaintiff costs in the amount of $2,260.07, and denying without prejudice Plaintiff's requests for damages and attorneys' fees. (Order (Dkt. 59).

1

On December 17, 2015, Plaintiff filed a new motion for damages and for judgment of foreclosure and sale, attaching new documents to support its calculations for damages and attorneys' fees. (Dkt. 63.) In addition, Plaintiff seeks to dismiss without prejudice the case against Defendants U.S.A. o/b/o I.R.S. and NYSDTF. (Id.) Plaintiff requests that the Complaint's caption be amended to strike U.S.A. o/b/o I.R.S. and NYSDTF as defendants, and to replace OneWest Bank, N.A. with CIT Bank, N.A. as the plaintiff. (Id.) Finally, Plaintiff seeks the appointment of a referee to effectuate the sale of the Property under the conditions in Plaintiff's proposed Judgment of Foreclosure and Sale. (Id.) The court again referred the motion to Judge Pollack for an R&R, pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Dec. 21, 2015, Order (Dkt. 66).)

On July 1, 2016, Judge Pollack issued an R&R recommending that the court award Plaintiff damages in the amount of $501,900.97; deny Plaintiff's request for attorneys' fees without prejudice to the request being resubmitted with additional supporting information; and dismiss without prejudice the case against Defendants U.S.A. o/b/o I.R.S. and NYSDTF. (R&R (Dkt. 67) at 23-24.) Judge Pollack recommended that the caption be amended to replace OneWest Bank, N.A. with CIT Bank, N.A. as the plaintiff, but that the caption should continue to list U.S.A. o/b/o I.R.S. and NYSDTF among the defendants. (Id. at 23.) Finally, Judge Pollack found Plaintiff's request for a judgment of foreclosure and sale to be moot in light of this court's Order on September 28, 2015 (Dkt. 59), but she recommended that a referee be appointed to effectuate the sale under the conditions in Plaintiff's proposed Judgment of Foreclosure and Sale (Dkt. 64, Ex. B). (R&R at 23.)

On July 5, 2016 the R&R was mailed to Defendants at their last known addresses.[1] No party has objected to Judge Pollak's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R&R at 24 ("Any objections to this Report and Recommendation must be filed with the Clerk of Court . . . within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order.").) Therefore, the court reviews the R&R for clear error. See Colon v. Sheahan, No. 13-CV-6744 (PAC) (JCF), 2016 WL 3926443, at *3 (S.D.N.Y. July 14, 2016); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); see also Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007) (summary order); cf. 28 U.S.C. § 636(b)(1).

The court finds no clear error, and therefore ADOPTS IN FULL Judge Pollack's R&R. Accordingly, the court AWARDS Plaintiff damages in the amount of $501,900.97; DENIES WITHOUT PREJUDICE Plaintiff's request for attorneys' fees; GRANTS WITHOUT PREJUDICE Plaintiff's request to discontinue the action against Defendants U.S.A. o/b/o I.R.S. and NYSDTF; GRANTS Plaintiff's request to modify the caption as to the plaintiff line, but DENIES the request to modify the defendant line; and DIRECTS Plaintiff to submit a new proposed Judgment of Foreclosure and Sale, consistent with the terms of this Order, that specifies conditions for the sale of the Property.

---

[1] For four of the seven Defendants, the mailed R&R was returned as undeliverable. (See Dkts. 68 (Defendants Estate of Martha Green a/k/a Martha Greene, Eddie Junior Hawkins, and Calvin Hawkins), 69 (Defendant Charlene Greene).) Because all Defendants were properly served with process in August 2014 (see Dkts. 9, 10, 12, 13), the court finds that they had sufficient notice of the action. See United States v. Washington, No. 08-CV-5083 (ENV), 2010 WL 2674537, at *1 n.1 (E.D.N.Y. June 30, 2010) (citing cases in which district court judges adopted unopposed R&Rs that had been returned as undeliverable as to certain defendants).

The Clerk of the Court is respectfully DIRECTED to enter judgment against Defendants consistent with this Order.

SO ORDERED.

Dated: Brooklyn, New York
August 15, 2016

S/ Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge