UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CIT BANK, N.A.,

                                 Plaintiff,

-against-

MINNIE P. HAWKINS, a/k/a MINNIE REESE, as
Administratrix of the Estate of Calvin Hawkins, et al.

                                 Defendants.
-------------------------------------------------------------------X

**ORDER**

14-CV-4656 (NGG) (CLP)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Plaintiff's renewed motion for an award of $16,466.50 in attorneys' fees in this mortgage-foreclosure action. (Pl. Notice of Mot. for Att'ys' Fees ("Mot.") (Dkt. 71); see also Sept. 28, 2015, Order Adopting R&R (Dkt. 59) (denying Plaintiff's request for attorneys' fees without prejudice); Aug. 17, 2016, Order Adopting R&R ("Aug. 17, 2016 Order") (Dkt. 70) (same); Aff. of Andrew Jacobson in Supp. of Mot. ("Jacobson Aff.") (Dkt. 72).) On March 13, 2017, the court referred the motion to Magistrate Judge Cheryl L. Pollak for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b)(1) of the Federal Rules of Civil Procedure. (March 13, 2017, Order Referring Mot.) On September 14, 2017, Judge Pollak entered a Report and Recommendation (the "R&R"), which proposed that the court grant Plaintiff's motion for attorneys' fees, but recommended reducing the award to $10,887 to account for Plaintiff's "inability . . . to demonstrate the 'necessity of hours spent' in connection with [its] second and third attempts at damages and attorney fee requests." (Sept. 14, 2017, R&R (Dkt. 74) at 17 (quoting E. Sav. Bank, FSB v. Evancie, No. 13-CV-00878 (ADS) (WDW), 2014 WL 1515643, at *4 (E.D.N.Y. Apr. 18, 2014)); see also id. at 18 (noting that this total "reflects the Court's recommendation of reducing plaintiff's counsel's

1

high hourly fees, and also considers the fact that this motion is plaintiff's third request for attorneys' fees").)

On September 15, 2017, the Clerk of Court mailed the R&R to Defendants Minnie P. Hawkins, the Estate of Martha Green, Charlene Greene, Eddie Junior Hawkins, Calvin Hawkins, and the New York State Department of Taxation and Finance at their last known addresses.[1] No party has objected to the R&R, and the time to do so has passed.[2] See Fed. R. Civ. P. 72(b)(2). (See also R. & R. at 18 ("Any objections to this [R&R] must be filed with the Clerk of Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report.").) The court therefore reviews the R&R for clear error. See 28 U.S.C. § 636(b)(1); Wider v. Colvin, 245 F. Supp. 3d 381, 385 (E.D.N.Y. 2017); see also Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007) (summary order). The court finds no clear error in the R&R's calculation of attorneys' fees and therefore adopts the R&R in this respect.

The remaining question for the court is who is liable for attorneys' fees pursuant to the mortgage. Plaintiff's initial submissions did not indicate exactly which defendants it intended to hold liable for these fees. This issue matters because the court may enter a default judgment only "if liability is established as a matter of law when the factual allegations of the complaint are

---

[1] The R&R was returned as undeliverable with respect to Defendants Charlene Greene and the estate of Martha Green. (Dkts. 75, 76.) Because these Defendants were previously served with process, they had sufficient notice of the action that their lack of notice as to the R&R does not preclude its adoption. See United States v. Washington, No. 08-CV-5083 (ENV), 2010 WL 2674537, at *1 n.1 (E.D.N.Y. June 30, 2010) (collecting cases). The court notes that it previously granted Plaintiff's request to discontinue this action against the Internal Revenue Service and New York State Department of Taxation and Finance and that—as discussed below—Plaintiff only seeks to recover attorneys' fees from Minnie P. Hawkins in her capacity as administratrix of the estate of Calvin Hawkins. (Aug. 15, 2016, Order Adopting R&R (Dkt. 70) at 3.)

[2] In its December 8, 2017, supplemental brief in further support of its motion for attorneys' fees, Plaintiff restated that it seeks $16,466.50 in attorneys' fees. (Suppl. Mem. in Supp. of Mot. (Dkt. 77) at 4.) This simple request for more fees, unadorned by any explanation of why Judge Pollak's more parsimonious calculation was incorrect, is insufficient to trigger de novo review. See Fed. R. Civ. P. 72(b)(2); Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) ("When a party makes only conclusory or general objections [to a magistrate judge's R&R], . . . the Court will review the [R&R] strictly for clear error.").

taken as true." Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 187 (2d Cir. 2015). The court therefore ordered supplemental briefing identifying the defendants from which Plaintiff seeks to recover attorneys' fees and explaining why such Defendant or Defendants could be held liable. (Nov. 27, 2017, Order.) Thereafter, Plaintiff filed a memorandum stating that it only intended to recover fees from the estate of Calvin Hawkins, who signed the note and mortgage containing the applicable attorneys'-fees provisions. (Pl. Dec. 8, 2017, Suppl. Mem. ("Suppl. Mem.") (Dkt. 77) at 2-3.)

The court agrees that the estate of Calvin Hawkins[3] is liable for the attorneys' fees. Under New York law, which is controlling in this diversity suit, see CIT Bank, N.A. v. Ayers, No. 15-CV-7256 (JFB) (SIL), 2017 WL 6816486, at *2 (E.D.N.Y. Dec. 5, 2017), R&R adopted, 2018 WL 317840 (E.D.N.Y. Jan. 3, 2018), a mortgagee can recover attorneys' fees incurred in a mortgage foreclosure action when the mortgage instrument so provides, see, e.g., Levine v. Infidelity, Inc., 770 N.Y.S.2d 83, 84 (N.Y. App. Div. 2003). The mortgage instrument signed by Calvin Hawkins clearly entitled the mortgagee to recover reasonable attorneys' fees incurred in foreclosing the mortgage and selling the subject property. (Suppl. Mem. at 3-4; Mortgage, Ex. B. to Aff. of Caryn Edwards (Dkt. 65-2) ¶ 22 ("In any lawsuit for Foreclosure and Sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by Applicable Law and will have the right to add all reasonable attorneys' fees to the amount I owe Lender, which fees shall become part of the Sums Secured."); see also Note, Ex. A. to Aff. of Caryn Edwards (Dkt. 65-1) ¶ 6(E) ("If the Note Holder has required me to pay immediately in

---

[3] The court notes that this Calvin Hawkins is not the same as the Calvin Hawkins named as a defendant to this suit. (See Compl. (Dkt. 1) ¶¶ 4, 8.)

full as described above, [it] will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.").) As a mortgagee, Calvin Hawkins was therefore liable for reasonable attorneys' fees. The court expresses no view, however, as to the ultimate enforceability of this judgment against his estate.

For the foregoing reasons, the court ADOPTS Judge Pollak's Report and Recommendations (Dkt. 74) to the extent it is consistent with the foregoing and GRANTS IN PART Plaintiff's Motion for Attorneys' Fees (Dkt. 71). The court AWARDS Plaintiff $10,887 in attorneys' fees.

SO ORDERED.

Dated: Brooklyn, New York
January 11, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge